**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CADDELL CONSTRUCTION CO. (DE), LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-3130 |
| DANMAR LINES, LTD., | § § | |
| Defendant. | § § | |

**ORDER**

The plaintiff, Caddell Construction Co., brought this suit against the defendant, Danmar Lines, alleging breach of contract, negligence, and breach of bailment obligations. (Docket Entry No. 1). Danmar agreed to deliver 28 of Caddell's air handling units from Norfolk, Virginia to a United States Embassy in Kabul, Afghanistan. Caddell alleges that its cargo was damaged in transit between Karachi Port, Pakistan and Kabul.

Danmar moved to transfer the case to the United States District Court for the Southern District of New York. (Docket Entry Nos. 7, 9). It argues that the Bills of Lading provide governing contractual provisions, including a forum selection clause choosing the Southern District of New York as the venue in which all claims against Danmar will be determined. Caddell responded, arguing that the Bills of Lading are "mere receipts," and that the relationship between the parties is actually controlled by a separate prior agreement. (Docket Entry Nos. 15, 16). Danmar replied. (Docket Entry No. 19).

Caddell moves for leave to file a surreply to Danmar's motion to transfer venue. (Docket Entry No. 20). Caddell argues that Danmar presented new evidence in its reply brief by attaching

1

declarations from Stacy Covington, the Global Project Manager at DHL Global Forwarding, and James Bullock, the Director of Business Development and Key Account Management Technology Sector for DHL Global Forwarding.[1]  (Docket Entry No. 22 at 2).  Caddell also argues that it should be allowed to respond to Danmar's constructive notice argument, raised in its response to Caddell's motion for leave to file a surreply.  *Id.*

A surreply is appropriate "only when the movant raises new legal theories or attempts to present new evidence at the reply stage."  *Makhlouf v. Tailored Brands, Inc.*, 2017 WL 1092311, at *5 (S.D. Tex. Mar. 23, 2017) (collecting authority). Danmar's reply to Caddell's response to Danmar's motion to transfer venue presented new evidence: the declarations of Stacy Convington and James Bullock.  (Docket Entry Nos. 19-1, 19-2).  Caddell's proposed surreply responds to that evidence.

Moreover, although leave to file a surreply is not appropriate "where the proposed surreply does not include new arguments or evidence or merely restates arguments in the movant's response," *Makhlouf*, 2017 WL 1092311, at *5, Caddell's proposed surreply includes new arguments and evidence.  It argues for the first time in its proposed surreply that it did not have notice of the Bills of Lading terms and conditions, and attaches the declaration of Mike Ranieri, Caddell's vice president of finance and risk management.  (Docket Entry No. 20-1 at 1, 2, 5, 6).

Leave to file a surreply is appropriate.  Caddell's motion, (Docket Entry No. 20), is granted. Caddell's proposed surreply, (Docket Entry No. 20-1), is deemed filed on February 16, 2018. Danmar may file a response, not to exceed three pages, by **Friday, February 23, 2018**.

The court will rule on the motion to transfer venue, (Docket Entry No. 7), after Danmar files

---

[1] DHL Global Forwarding is a trade name for Danmar Lines, Ltd.

its response, if any.

SIGNED on February 16, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge